NINTH STREET CHURCH OF CHRIST, INC., APPELLEE AND CROSS-APPELLANT, *v.* REICH, DIR., APPELLANT AND CROSS-APPELLEE.

(No. 80AP-393—Decided April 9, 1981.)

*Messrs. Day, Ketterer, Raley, Wright & Ryboll, Mr. John H. Brannen* and *Mr. Christopher L. Dutton,* for Ninth Street Church of Christ, Inc.

*Mr. William J. Brown,* attorney general, *Messrs. Alexander, Ebinger, Fisher, McAlister & Lawrence* and *Mr. Thomas P. Michael,* for Clifford E. Reich, Director of Liquor Control.

MOYER, J. This matter is before us on an appeal and cross-appeal from a judgment of the Court of Common Pleas of Franklin County remanding the cause to the Department of Liquor Control (department) for a hearing pursuant to R.C. 4303.26.

In March of 1977, the Southland Corporation filed applications for C-1 and C-2 alcoholic beverage licenses with the department for premises located in Canton, Ohio. Ninth Street Church of Christ, Inc. (church), requested a hearing on the application pursuant to R.C. 4303.26.

A hearing was held before a hearing officer of the department, but no stenographic record was requested or made. A letter was sent to the church advising the church that the Director of Liquor Control (director) had found that the church's objections were not sufficient to reject the applications for the permits. The letter contained reasons for the director's decision and then stated:

"As a result of the Director's decision, this Division has made the Hearing Examiners Report a part of its permanent file, and will continue processing the application."

The church filed an appeal in the Court of Common Pleas of Franklin County and the trial court overruled the director's motion to dismiss the appeal for lack of subject matter jurisdiction. The trial court expressly held that our decision in the case of *Woodland Methodist Church of Akron* v. *Department of Liquor Control* (Franklin Cty. Ct. of Appeals No. 9599, January 6, 1970), unreported, had, in effect, been overruled by the enactment of R.C. 4303.292, effective November 23, 1973 (see 135 Ohio Laws, Part I, 1025-1027). The trial court then rendered its decision on the merits by remanding the case to the department for a new hearing under R.C. 4303.26. The director raises the following six assignments of error in support of his appeal:

"1. The Court of Common Pleas erred in determining that it possessed jurisdiction of the subject matter of an attempted appeal from the Department of Liquor Control.

"2. The Court of Common Pleas erred in determining that a Section 119.12, Revised Code, appeal lies from a decision of the Director of the Department of Liquor Control to continue processing a permit application.

"3. The Court of Common Pleas erred in determining that the Director of the Department of Liquor Control had issued an 'adjudication' within the meaning of Section 119.01(D), Revised Code.

"4. The Court of Common Pleas erred in determining that the Appellant-Appellee herein, Ninth Street Church of Christ, Inc., is a 'party adversely affected' within the meaning of Section 119.12, Revised Code.

"5. The Court of Common Pleas erred in determining that a hearing pursuant to Section 4303.26, Revised Code, is an 'adjudication hearing' subject to the formal requirements of Section 119.09, Revised Code.

"6. The Court of Common Pleas erred in determining that the decision of this Court in the unreported case of *Woodland Methodist Church of Akron* v. *Department of Liquor Control* (Case No. 9599, decided January 6, 1970), has been overruled by legislative enactment."

The church has filed a cross-appeal raising the following assignment of error:

"That portion of the Judgment of the

Court below which denied and failed to grant the Church's motion for a finding in its favor and against the Director, after the Director had failed to prepare and certify to the Court a complete record of the Section 4303.26/.292 hearing held on January 26, 1979, within 20 days after his receipt of the Church's Notice of Appeal and had neither applied for nor was granted the maximum extension period of 10 days, is contrary to the express mandate of Section 119.12 of the Ohio Revised Code."

The threshold question is whether the Court of Common Pleas of Franklin County has jurisdiction to hear an appeal from a decision of the Department of Liquor Control to continue processing a permit application. The courts of common pleas of Ohio are given "* * * such powers of review of proceedings of administrative officers and agencies as may be provided by law." Section 4(B), Article IV, Ohio Constitution. The statute expressly providing for an appeal from an action or order of the department is R.C. 4301.28. Prior to 1976, that section provided that only an aggrieved person could appeal to the Liquor Control Commission from an action of the department refusing to issue a permit. However, effective August 6, 1976 (see 136 Ohio Laws, Part II, 2618-2620), a legislative authority of a municipal corporation, a board of township trustees or a board of county commissioners, who participated in a hearing conducted under R.C. 4303.26, were expressly given a right of appeal to the Liquor Control Commission from an order of the department transferring or renewing a permit.

It is significant that R.C. 4301.28, as amended in 1976, gave a right of appeal only to the governmental authorities who could request a hearing with the department under R.C. 4303.26, and that no right of appeal was given to churches, schools, libraries, public playgrounds or township parks by R.C. 4301.28, even though they have the same rights to a hearing by the department on a pending application pursuant to R.C. 4303.26. The legislature clearly gave to the governmental authorities designated in R.C. 4303.26 a different status than the institutional objectors designated in the same statute. The relevant provisions of R.C. 4301.28, as amended in 1976 (see 136 Ohio Laws, Part II, 2618-2619), read as follows:

"(B)  If the legislative authority of a municipal corporation, board of township trustees, or the board of county commissioners participated in a hearing conducted under section 4303.26 of the Revised Code * * *, the legislative authority or board may appeal to the liquor control commission from the order of the department of liquor control transferring or renewing a permit or participate or be joined as a party in an appeal from an order of the department denying the transfer or renewal of a permit * * *."

R.C. 4301.28 also provided, in 1976, that, if a permit holder appealed under R.C. 119.12 from an order of the commission denying the transfer or renewal of a permit, then the Liquor Control Commission was required to notify any governmental authority "* * * that was a party to an appeal before the commission. * * *" No reference is made to the institutional objectors in that provision of the statute.

Clearly, the church was not a party to the application proceedings of the Southland Corporation under the express authority of any statute.

We turn next to the question of whether R.C. Chapter 119 grants the church a right of appeal, irrespective of our interpretation of R.C. Chapter 4303. R.C. 119.01(G) defines "party"as "* * * the person whose interests are the subject of an adjudication by an agency." Under R.C. 119.12, such a party must be adversely affected by an order of an agency issued pursuant to an adjudication to be entitled to an appeal to the Court of Common Pleas.

The trial court in ruling on certain motions, on December 13, 1979, found that the enactment of R.C. 4303.292, in effect, gave the institutional objectors, referred to in R.C. 4303.26, the status of "* * * part[ies] adversely affected by an order issued pursuant to an adjudication by the Liquor Control Department * * *" (trial court entry of December 13, 1979). The trial court held that, because of its "party" status, the church had a right of appeal pursuant to R.C. 119.12 from the action of the director.

The church argues that the following language in R.C. 4303.292 (see 135 Ohio Laws, Part I, 1026) gave the church the status of a party adversely affected:

"(B) The department of liquor control may refuse to issue or transfer any retail beer or liquor permit if it finds:

"(1) That the place for which the permit is sought:

"* * *

"(b) Is so situated with respect to any school, church, library, public playground, or hospital that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of those facilities or institutions."

It was the holding of the trial court, and the argument of the church in this appeal, that the foregoing provisions of R.C. 4303.292 overruled the holding of this court in *Woodland Methodist Church of Akron* v. *Department of Liquor Control, supra.* In *Woodland,* which was decided prior to the adoption of R.C. 4303.292, we held that an appeal from a decision of the director to grant a liquor permit was not available to a protesting church because the church was not a party as defined by R.C. 119.01 and that the right given a church to protest the granting of a permit under R.C. 4303.26 does not make it a party entitled to the right of appeal to the Court of Common Pleas.

The church does not argue that the enactment of R.C. 4303.292 expressly makes the church an adverse party to a decision of the director. Rather, it argues that the enactment of R.C. 4303.292 gave an institutional objector statutory protection to the right to be free from the presence of a liquor establishment if it would substantially and adversely affect or interfere with the normal conduct of the establishment. The church argues that a determination of rights, privileges and benefits under R.C. 4303.26 and 4303.292 made the director's proceeding an adjudication with respect to the church. However, although the church argues otherwise, we find the absence of any reference to the institutional objectors in the 1976 amendment to R.C. 4301.28 to be of far more significance than the enactment of R.C. 4303.292. It is reasonable to conclude that, if the General Assembly had intended institutional objectors to have the status of an affected party, it would have manifested its intention in language similar to that which gave governmental authorities an express right of appeal as a party from a decision of the director. See *Clermont Natl. Bank* v. *Edwards* (1970), 27 Ohio App. 2d 91 [56 O.O.2d 268]. See, also, R.C. 3745.07, where any person who would be aggrieved or adversely affected by a proposed action of the Director of Environmental Protection is afforded an adjudication hearing.

"Adjudication" is defined as "* * * the determination by the highest * * * authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *" R.C. 119.01(D). The action of the director was not an adjudication because he did not determine the rights, duties, privileges, benefits or legal relationships of a party. It cannot be argued that the director determined the rights, duties, privileges, benefits or legal relationships of Southland Corporation because the action of the director did not order the issuing of a permit or the denial of a permit. Yet, the church argues that it (the church) was a party because it had interests which were

the subject of an adjudication by the department.

Upon review of the statutory scheme of R.C. Chapter 4303, we conclude that the church was not a "specified person" (R.C. 119.01[D]) and, therefore, was not a party as defined by R.C. 119.01(G). The specified person in this case is Southland Corporation.

Even if the church were deemed to be a party for purposes of R.C. 119.12, there is no order of the agency from which an appeal may be taken. The department, by a person identified as chief of the permit division, issued a letter on February 15, 1979, indicating that the objections of the church were not sufficient to result in the rejection of the application. The director did not, at that point, decide to issue the license or to deny issuance of the license. He merely determined that the processing of the license should continue. In *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173 [7 O.O.3d 357], certiorari denied (1978), 439 U.S. 865, the Supreme Court held that the denial by the State Board of Education of a request to delay implementation of an order to dissolve a school district was not an "adjudication." The court stated that "* * * the act of refusing to change one's position is not equivalent to the act of deciding in the first instance which position to take among several alternatives. * * *" *Id.,* at page 177.

In the case before us the director has not refused to change his position; but, rather, he has not yet taken a position on the merits of the application. He has simply determined to continue processing the application; and, there is, therefore, no appealable order in the record before us. The trial court did not have jurisdiction to entertain an appeal by the church under R.C. 119.12. Appellant's assignments of error one through six are well taken and are sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to dismiss the appeal. The cross-appeal of the church is rendered moot by our decision and the assignment of error raised in support thereof is overruled.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH, P.J., and REILLY, J., concur.