THE STATE, EX REL. GIULIANI, *v.* CUYAHOGA COUNTY BD. OF ELECTIONS.

[Cite as State, ex rel. Giuliani, *v.* Cuyahoga Cty. Bd. of Elections (1984), 14 Ohio St. 3d 8.]

(No. 84-1481—Decided November 2, 1984.)

*Mr. Elmer A. Giuliani,* for relator.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick J. Murphy,* for respondent.

*Per Curiam.* Relator's argument herein is the same as that raised in his protest before the board of elections. Relator contends that under R.C. 3513.31, the Republican party was not authorized to select Matia as a candidate for judge.

In relevant part, R.C. 3513.31 provides:

"If a person nominated in a primary election as a *party candidate* for election at the next general election, whose candidacy is to be submitted to the electors of a county, withdraws as such candidate prior to the eightieth day before the day of such general election, the vacancy in the party nomination so created may be filled by the county central committee of the major political party which made such nomination at said primary election * * *." (Emphasis added.)

R.C. 3501.01 provides, in relevant part:

"(J) 'Nonpartisan candidate' means any candidate whose name is required, pursuant to section 3505.04 of the Revised Code, to be listed on the nonpartisan ballot, including all candidates for judicial office, for member of any board of education, for municipal or township offices in which primary elections are not held for nominating candidates by political parties, and for offices of municipal corporations having charters that provide for separate ballots for elections for these offices.

"(K) 'Party candidate' means any candidate who considers himself a member of a political party, who has his name certified on the office-type ballot at a general or special election through the filing of a declaration of candidacy and petition of candidate, and who has won the primary election

of his party for the public office he seeks or is selected by party committee in accordance with section 3513.31 of the Revised Code."

Under the definitions in R.C. 3501.01, relator argues that a judicial candidate is never a "party candidate." Thus, he argues that the Republican executive committee was not authorized by R.C. 3513.31 to select a nominee to fill the vacancy created by Krupansky's withdrawal.

The language of the statutes cited would support relator's interpretation.

Respondent argues in response, however, that R.C. 3501.01(J) and (K) and the relevant portion of R.C. 3513.31 should not be interpreted in isolation from other provisions of R.C. Title 35. Respondent notes specifically that candidates for judicial office are required to file a petition and declaration of candidacy in the form prescribed by R.C. 3513.07. That form clearly requires the judicial candidate to declare a party affiliation.

It is also notable that the portion of R.C. 3513.31 which authorized the party to select Krupansky as the candidate for election to the court of appeals did not preclude such selection despite the fact that it was a judicial office.

In view of these inconsistencies, respondent contends that there was no clear legislative intent to remove judicial candidates from the classification of "party candidate" for all purposes. It urges instead that the definitions in R.C. 3501.01(J) and (K) be interpreted to apply only for the purpose of requiring the names of judicial candidates to appear on the nonpartisan ballot without reference to their party affiliation. See R.C. 3505.04.

We agree that an ambiguity exists as to whether judicial candidates may be considered as "party candidates" for purposes of R.C. 3513.31.

R.C. 1.49 provides, in part:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A)  The object sought to be attained;

"* * *

"(E)  The consequences of a particular construction; * * *."

In considering these factors, we note first that the object the General Assembly sought to obtain by excluding judicial candidates from the definition of "party candidate" is unclear. If the intention was to remove all party involvement in judicial elections, as relator contends, the statutory enactments fall short of meeting that goal. To the contrary, party involvement is statutorily *required* at the petition and primary stages of a judicial election and permitted where a vacancy in a judicial office arises due to the death or resignation of an incumbent. Moreover, relator's interpretation would prevent the selection of any candidate to run in the vacancy created, and permit an unopposed election not contemplated at the time of the primary election.

In view of these considerations and our pronounced policy of construing election statutes in a manner favoring free and competitive elections

(see, *e.g., State, ex rel. Hanna,* v. *Milburn* [1959], 170 Ohio St. 9, 12 [9 O.O.2d 332]), we reject relator's argument. Accordingly, we construe R.C. 3513.31 to permit a political party to fill a vacancy created in a judicial candidacy, where, as here, the original candidacy would have required a party nominating petition and primary election.

The writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. The selection on August 14, 1984, of Paul R. Matia by the Cuyahoga County Republican Executive Committee as Republican candidate for election on November 6, 1984, for the office of Judge of the Court of Common Pleas of Cuyahoga County, is clearly invalid and void when all of the relevant statutes are considered.

It is undisputed that Matia, by his foregoing selection, is a "candidate for judicial office" and "a nonpartisan candidate" within the meaning of R.C. 3501.01(J); and that he is not a "party candidate" within the meaning of R.C. 3501.01(K). A "party candidate" must be one "who has his name certified on the office-type ballot at a general or special election," within the meaning of R.C. 3501.01(K). "Office-type ballot" is described in R.C. 3505.03 as one with "the names of all candidates for election to offices, except judicial offices." Matia cannot be a party candidate because a judicial candidate, under R.C. 3505.03, may not have his name printed on an "office-type ballot."

Having concluded that Matia is not a "party candidate" within the meaning of R.C. 3501.01(J) and (K), 3505.03 and 3505.04,[1] I would next consider the authority of the Republican Executive Committee to select him as a judicial candidate when the candidate nominated at the preceding primary election withdraws as such candidate prior to eighty days before the day of the general election, thus creating a vacancy in the party nomination. This requires construction of the relevant portion of the third paragraph of R.C. 3513.31 which provides:

"If a person nominated in a primary election as a *party candidate* for election at the next general election, whose candidacy is to be submitted to the electors of a county, withdraws as such candidate prior to the eightieth

_____

[1] To implement the construction given to R.C. 3501.01(J) and (K) and 3505.03, the pertinent part of R.C. 3505.04, in harmony therewith, provides:

"On the nonpartisan ballot shall be printed the names of all *nonpartisan candidates* for election to judicial office, * * *." (Emphasis added.)

day before the day of such general election, the vacancy in the party nomination so created may be filled by the county central committee of the major political party which made such nomination at said primary election, or by the county executive committee if so authorized, at a meeting called for such purpose. * * *'' (Emphasis added.)

The unambiguous meaning of this statute is that "the vacancy [created] in the party nomination" which can be filled by the central or executive committee of the party which made the nomination refers only to selection of a *party candidate* and does not embrace the power to select a *judicial candidate* such as Matia. Given the clarity of this language, it is unnecessary to resort to R.C. 1.49, which applies solely to ambiguously worded statutes. Moreover, it is irrelevant to consider that "party involvement is statutorily *required* at the petition and primary stages of a judicial election * * *." It is also immaterial that election statutes should be construed "in a manner favoring free and competitive elections * * *."

Since the described selection of Matia as a judicial candidate is a nullity, it follows that the relator has a clear legal right to the writ of mandamus ordering respondent, the Cuyahoga County Board of Elections, to remove the name of Matia from the nonpartisan judicial ballot at the election to be held on November 6, 1984.

It is ironic and unfortunate for this court, by denying the writ of mandamus, to encourage the respondent and Matia to believe that if Matia wins the election he has a clear, unobstructed sailing into the office of common pleas judge. This decision today, denying the writ, would not prevent his opponent from contesting the election pursuant to R.C. 3515.09 *et seq.* (*Hitt* v. *Tressler* [1983], 4 Ohio St. 3d 174), or from bringing an action *in quo warranto* pursuant to R.C. 2733.06 *et seq.* (*State, ex rel. Annable,* v. *Stokes* [1970], 24 Ohio St. 2d 32 [53 O.O.2d 18]; *State, ex rel. Ethell,* v. *Hendricks* [1956], 165 Ohio St. 217 [59 O.O. 298]), or both (45 Ohio Jurisprudence 2d [1960] 618-619, Quo Warranto, Section 7).

The present mandamus action judicially determines only the right of Matia to be on the ballot, and does not decide if he has a right to hold the judicial office he seeks. His opponent is not a party to this mandamus action and therefore cannot be affected by it. Our decision today is only an illusory victory for Matia.