THE STATE, EX REL. ASHBROOK ET AL., *v.* BROWN, SECY. OF STATE, ET AL.

[Cite as State, ex rel. Ashbrook, *v.* Brown (1988), 39 Ohio St. 3d 115.]

(No. 88-1165—Submitted September 20, 1988—Decided September 23, 1988.)

*Schaller, Hostetter & Campbell* and *Thomas K. Campbell,* for relators.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for respondent Secretary of State.

*B. Kevin Bennett,* assistant prosecuting attorney, for respondent Board of Elections of Licking County.

*Per Curiam.* Relators argue that Wheeler's death must be considered an involuntary withdrawal of a candidate for which the law permits a substitution. Respondent Secretary of State

argues that the law concerning deceased candidates does not allow substitution for a candidate who dies on primary election day, and that even if it did, the central committee did not follow the applicable procedures in making the substitution. We agree with relators and grant the writ.

R.C. 3513.17 requires removal from the primary ballot of the name of a candidate for county office who dies more than five days before the primary election. For other candidates, it requires removal of the name if death occurs more than ten days before the election. R.C. 3513.17 then concludes:

"In no case shall votes cast for a deceased candidate be counted or recorded."

The Secretary of State contends that this is a comprehensive prohibition applicable to all deceased candidates and that, since Wheeler was a deceased candidate on and after election day, votes for him may not be counted or recorded.

R.C. 3513.31 provides in part:

"If a person nominated in a primary election as a party candidate for election at the next general election dies, the vacancy so created may be filled by the same committee in the same manner as provided in this section for the filling of similar vacancies created by withdrawals * * *."

The Secretary of State contends that since Wheeler's votes could not be counted or recorded pursuant to R.C. 3513.17, he was not a "person nominated in a primary election" whose vacancy could be filled under R.C. 3513.31.

Relators argue that the public policy favoring freely competitive elections should prevent such a result. They rely on *State, ex rel. Flex,* v. *Gwin* (1969), 20 Ohio St. 2d 29, 49 O.O. 2d 185, 252 N.E. 2d 289, and *State, ex rel. Giuliani,* v. *Cuyahoga Cty. Bd. of*

*Elections* (1984), 14 Ohio St. 3d 8, 14 OBR 314, 471 N.E. 2d 148, in which this court declined to interpret statutes literally when the result would have been to prevent freely competitive elections.

We note that the prohibition of R.C. 3513.17, that "[i]n no case shall votes cast for a deceased candidate be counted or recorded," is ambiguous as applied to deceased candidates for whom absentee votes have been cast before their death. Such votes, when cast, were not cast for a deceased candidate. R.C. 1.49 provides in pertinent part: "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters * * * (E) [t]he consequences of a particular construction * * *." The consequences of construing R.C. 3513.17 as the Secretary of State contends would be to preclude a freely competitive general election in November because an untimely death had occurred in May. We reject this construction and construe the prohibition of R.C. 3513.17 narrowly, to apply only to votes cast after a candidate dies.

We note from the certification of the board of elections that absent voters' ballots containing votes for Wheeler were received before his death. We hold that these votes were not cast for a deceased candidate when cast and therefore must be counted and recorded. Wheeler having thus received votes in an uncontested primary, we hold that the respondents have a clear duty to declare him the nominee.

The Secretary of State also argues that Ashbrook's appointment should be prohibited because the notice of the meeting to fill the vacancy was vague and not in compliance with the notice requirements of R.C. 3513.31. We have examined the notice and find

that, although it was not a model of clarity, it did fairly inform the members of the central committee that the purpose of the meeting was to select a replacement for Wheeler. Accordingly, R.C. 3513.31 requires the respondents to permit relators to fill the vacancy as provided in that section.

Mandamus will issue if the court finds that the relator has a clear legal right to the relief prayed for, the respondent is under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. Moreover, the court has a duty to construe statutes, if necessary, and thereafter evaluate the clear right or duty. *State, ex rel. Melvin,* v. *Sweeney* (1950), 154 Ohio St. 223, 43 O.O. 36, 94 N.E. 2d 785. Here, the construction accorded R.C. 3513.17 and 3513.31 establishes relators' clear right and respondents'

clear duty. Respondents have not argued, and we do not find, that relators have a plain and adequate remedy at law. Accordingly, we grant the writ and order respondents to count and record the absent voters' ballots for Wheeler received before May 3, 1988; to certify him as the nominee; to permit the relator central committee to substitute relator Ashbrook for Wheeler as the party candidate for county commissioner at the general election to be held in November 1988, pursuant to the "certification of candidate" and "acceptance of nomination" filed with the board of elections on July 1, 1988, and as otherwise provided in R.C. 3513.31; and to take all further actions necessary for Ashbrook's name to appear on the ballot at the general election.

*Writ granted.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.