FIRST CHURCH OF THE NAZARENE OF CINCINNATI *v.* OHIO DEPARTMENT OF LIQUOR CONTROL ET AL.

(No. C-850829—Decided
February 8, 1989.)

*Robert W. Cettel,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Nathan Gordon,* for respondents.

*Per Curiam.* Relator, the First Church of the Nazarene of Cincinnati ("relator"), initiated this original action on November 27, 1985, by filing a complaint seeking a writ of mandamus directing that: (1) respondent, the Ohio Liquor Control Commission ("commission"), promulgate certain rules to eliminate the alleged issuance of an excessive number of liquor permits within this state; (2) respondent, the Ohio Department of Liquor Control ("department"), deny the transfer of certain liquor permits to respondent United Dairy Farmers Retail Stores, Inc. ("UDF"); and (3) the department, the commission and the director of the department refrain from issuing liquor permits in excess of the limits prescribed by R.C. 4303.29.[1]

A motion to dismiss was filed on behalf of the above-mentioned respondents and two additional respondents who were members of the commission. The motion to dismiss was predicated upon the respondents' position that the instant action is merely a substitute for an appeal of an adverse ruling from the department to the commission, and since R.C. 4301.28 permits only legislative authorities to bring such an appeal, this action is prohibited.

Pursuant to a motion filed by the relator, this court appointed a commissioner. Thereafter, the parties stipulated that the commissioner "shall be permitted to consider evidence adduced, hear motions before the court, and issue a Report of Commissioner which includes Findings of Facts and Conclusions of Law." A hearing before the commissioner was held on April 9, 1987.

On April 26, 1988, the commissioner filed his report, setting forth his findings of fact, conclusions of law and recommendations. The commissioner found that the relator did not have a right to the relief it was seeking, and he recommended that the respondents' motion to dismiss be granted.

Relator filed objections to the commissioner's report on May 10, 1988. The respondents filed their reply to the objections on May 31, 1988. A hearing on the objections was held before this court on October 31, 1988. For the reasons that follow, we find that the relator's objections to the commissioner's report are without merit.

The record reveals that in 1976, respondent, George H. Kersker, was issued a C-1 and a C-2 liquor permit which he used until 1984 for the operation of a market located on Mont-

---

[1] R.C. 4303.29(B) provides that not more than one C-1 or C-2 permit shall be issued for each one thousand population, or part thereof, within a municipal corporation. Pursuant to R.C. 4303.11 and 4303.12, a C-1 liquor permit pertains to the retail sale of beer in containers, not for consumption on the premises. A C-2 liquor permit allows the retail sale of wine and mixed beverages in containers, not for consumption on the premises.

gomery Road in the city of Norwood, Ohio. In 1984 Kersker agreed to transfer both the ownership and location of the permits to respondent UDF for use at a UDF store on Smith Road in Norwood. Relator, whose Norwood church is located within five hundred feet of the Smith Road UDF store, maintains that the transfer is detrimental to the well-being of that community.[2] It is uncontroverted that at all times pertinent hereto, the number of C-1 and C-2 permits within the city of Norwood exceeded the number of permits authorized by R.C. 4303.29, due to a decline in the population of that city.

The record further discloses that on January 28, 1985, the department conducted a public hearing on the proposed transfer of the location of the permits. At the hearing, an objection to the transfer was lodged on behalf of the relator, which the department subsequently overruled. The application for transfer of ownership of the permits was later filed with the department and the relator again objected. The department held a second hearing on July 31, and overruled the objection on September 10.

Relator appealed the department's September 10 order to the commission, which dismissed the appeal, finding that R.C. 4301.28 does not permit relator's appeal. Relator next initiated the proceedings in this court.

To begin our analysis of the relator's objections to the commissioner's report, we observe that mandamus will not issue unless the relator has a clear legal right to the relief demanded, the respondent is under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law. See *State, ex rel. Ashbrook,* v. *Brown* (1988), 39 Ohio St. 3d 115, 529 N.E. 2d 896.

R.C. Chapter 4301 sets forth the liquor control laws of this state. R.C. Chapter 4303 describes the different types of liquor permits, including the department's authority to transfer liquor permits. R.C. 4303.26 provides that the department shall notify certain institutions, including churches and schools, that are within five hundred feet of a business seeking a liquor permit and shall provide such institutions an opportunity for a hearing on the advisability of issuing or transferring the permit. As we noted earlier, the department in this case conducted two hearings on the proposed transfer of the liquor permits. Relator's appeal to the commission from the department's denial of the relator's objections was dismissed.

R.C. 4301.28(B) provides in pertinent part:

"If the legislative authority of a municipal corporation, board of township trustees, or the board of county commissioners participated in a hearing conducted under section 4303.26 of the Revised Code for the transfer of location of a class C or D permit, transfer of a class C or D permit, or issuance of a class C or D permit or under division (B) of section 4303.271 of the Revised Code for the renewal of a class C or D permit, the legislative authority or board may appeal to the liquor control commission from the order of the department of liquor control issuing, transferring, or renewing

---

[2] The relator's position was established through the testimony of the Reverend Mr. Morris Chalfant, who had been minister of the Norwood church for thirteen years at the time of the hearing before the commissioner. The relator also offered the testimony of the superintendent of schools in Norwood and a Norwood city councilman. However, neither of those individuals, nor the entities which they serve, are parties to the instant proceedings.

a permit, or transferring a location, or participate or be joined as a party in an appeal from an order of the department denying the issuance, transfer, or renewal of a permit or the transfer of a location.''

Clearly, under the foregoing section, appeals from rulings of the department transferring a permit may be brought only by the legislative authorities described therein.

In *Ninth Street Church of Christ, Inc.* v. *Reich* (1981), 1 Ohio App. 3d 141, 143, 1 OBR 449, 451, 439 N.E. 2d 958, 960, Chief Justice Moyer, then a judge of the Court of Appeals for Franklin County, speaking for a unanimous court, observed:

"It is significant that R.C. 4301.28, as amended in 1976, gave a right of appeal only to the governmental authorities who could request a hearing with the department under R.C. 4303.26, and that *no right of appeal was given to churches,* schools, libraries, public playgrounds or township parks by R.C. 4301.28, even though they have the same rights to a hearing by the department on a pending application pursuant to R.C. 4303.26. The legislature clearly gave to the governmental authorities designated in R.C. 4303.26 a different status than the institutional objectors designated in the same statute." (Emphasis added.)

The court then set forth the pertinent provisions of R.C. 4301.28(B), which are substantially similar to the current provisions of that section.

Based on the foregoing, we conclude that the commissioner's recommendation that the instant mandamus complaint be dismissed is well founded. As noted above, in order for the relator to prevail, it must have a clear legal right to the relief it seeks. While R.C. 4303.26 provides the relator with the opportunity to offer its views on the advisability of a permit transfer, it has no legal right, by statute or otherwise, to have its views accorded dispositive weight or to challenge the department's judgment once it has been exercised. See R.C. 4301.28 (creating a scheme of limited administrative and judicial review for decisions made by the department, but providing a church with no right of appeal whatsoever). Under these circumstances, we must conclude that the relator is not legally entitled to compel the state to take any particular action bearing directly upon the issuance or transfer of liquor permits beyond allowing the relator to participate in one level of administrative hearings. This is, in our judgment, well short of the requisite demonstration of a clear legal right to the relief the relator seeks here. Accordingly, we adopt the commissioner's recommendation. The relator's complaint in mandamus is dismissed.

*Complaint dismissed.*

HILDEBRANDT, P.J., SHANNON and UTZ, JJ., concur.