Appellant, 6206 Broadway Mart, Inc., appeals the trial court's order affirming the order of appellee, Ohio Liquor Control Commission. The Commission's order found appellant guilty of hindering an investigation by the Liquor Control Commission, and suspended appellant's liquor license for seven days. For the following reason, we affirm.
Detective Morris testified that the police were watching appellant's store. They saw a man exit the store with beer. The man gave the beer to a male who appeared underage, who was waiting outside. Upon discovering that the male standing outside was underage, citations were issued. Then, a woman who looked underage went into the store and bought two cans of St. Ives malt liquor. When she came out of the store, the woman told Morris she was eighteen.
Morris further testified that he took the cans of St. Ives and went into the store. The clerk refused to show him the liquor permit. The owner also refused to show the permit. Morris put the beers on the counter to show the owner his badge. A half hour later, the owner finally showed him the permit in the back of the store. The clerk remained in the front of the store.
According to Morris, while he was in the back, no one entered or exited the store. When Morris returned to the front of the store, the beers were gone. The clerk denied seeing any beers there.
The clerk, Khaled Asfour, testified that Detective Morris was shown the permit after a couple minutes. Asfour was not aware that Detective Morris placed some beers on the counter. He did not remove the beer from the counter. No one came into the store while Detective Morris was in the back room.
The Liquor Control Commission's order, mailed June 30, 1998, stated that appellant's license was suspended for seven days. The suspension was stayed pending appeal.
 I.
Appellant's first assignment of error states:
 THE SUSPENSION ORDER OF THE OHIO LIQUOR COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
The standard of review which governs administrative appeals under R.C. 119.12 is whether the commission's order denying renewal is supported by reliable, probative and substantial evidence and is in accordance with law.
 Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
Marwan, Inc. v. Ohio Liquor Control Comm. (1994), 93 Ohio App.3d 229,232. Reliable" evidence means there is a reasonable probability that the evidence is true. Our Place, Inc. v. Ohio Liquor Control Comm.(1992), 63 Ohio St.3d 570, 571. "Probative" evidence is evidence that tends to prove the issue in question. Id. "Substantial" evidence is evidence with some weight. Id.
We must determine whether there was reliable, probative and substantial evidence proving the elements of hindering an investigation. The elements of hindering an investigation are: hindering or obstructing any agent or employee of the division of liquor control from making inspection or search of any place, other than a bona fide private residence, where beer or intoxicating liquor is possessed, kept, sold, or given away. R.C. 4301.66.
Detective Morris testified that appellant refused to show him the liquor permit for half an hour. He also testified that he placed beer on the counter and went in the backroom. The only person in the front of the store was the clerk. When Morris returned to the front of the store, the beer was gone. Morris's testimony was substantial, reliable and probative evidence proving the elements of hindering an investigation. See City of Cleveland v. Stokes (Jun. 21, 1990), Cuyahoga App. No. 56629, 56631, 56632, unreported. The trial court did not err in finding that the Commission's decision was supported by substantial, reliable and probative evidence.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 EVEN ASSUMING THAT THERE WAS RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE THAT BROADWAY HINDERED DETECTIVE MORRIS' INVESTIGATION, BROADWAY SHOULD HAVE BEEN GIVEN A FINE FORFEITURE PURSUANT TO R.C. 4301.252.
 * * * when the liquor control commission determines that the permit of any permit holder is to be suspended under Title XLIII of the Revised Code or any rule of the commission, the commission may issue an order allowing a permit holder to elect to pay a forfeiture for each day of the suspension in accordance with division (A)(2) of this section, rather than to suspend operations under the permit holder's permit issued for the premises at which the violation occurred. (Emphasis added.)
R.C. 4301.252(A)(1). The Commission is not required to issue a fine instead of a suspension, but may do so in its discretion. The Commission was not required to impose a fine in this case.
Appellant asserts that the Commission originally ordered either a fine or a suspension. Appellant refers to a notice of the hearing with a stamped form at the bottom. In the stamped form, the hearing officer noted appellant denied the charge, wrote in 7 for days and $700.00 for monies. This document does not indicate whether appellant was found guilty of the charges. Therefore, this document is not an order or adjudication. See R.C. 119.01(D); Ninth Street Church of Christ, Inc. v. Reich (1981), 1 Ohio App.3d 141,144; Beef Beer Keowee, Inc. (Aug. 20, 1998), Franklin App. No. 97APE09-1272, unreported. No order was issued until the order mailed June 30, 1998, which stated that appellant's license would be suspended. This order was not a modification of a previous order.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., AND KILBANE, J., CONCUR.
 ________________________________ ANN DYKE, ADMINISTRATIVE JUDGE