The State, ex rel. Hughes et al., *v.* Brown, Secretary of State.
The State, ex rel. Carney, *v.* Brown, Secretary of State.
The State, ex rel. Garofoli, *v.* Brown, Secretary of State.

(Nos. 72-432, 72-434 and 72-435—Decided July 5, 1972.)

Mr. William J. Kraus, for relators in case No. 72-432.
Mr. John R. Jewitt, Jr., for relator in case No. 72-434.
Mr. John F. Ray, Jr., for relator in case No. 72-435.
Mr. William J. Brown, attorney general, and Mr. Thomas V. Martin, for respondent.

Per Curiam. The essence of the complaints filed by relators herein is that respondent, in endeavoring to summarily dismiss each of them, failed to comply with the constitutional mandate of Section 38, Article II of the Ohio Constitution and the statutory mandate of R. C. 3.07.

This court, in paragraphs one and two of the syllabus of State, ex rel. Hoel, v. Brown (1922), 105 Ohio St. 479, stated:

"1. In 1912 the people of Ohio adopted, as a part of the Constitution, Section 38, Article II, in which, among other things, it is written: 'Laws shall be passed providing for the prompt removal from office, *upon complaint and hearing,* of all officers.' * * *

"2. By this section they plainly provided that such removal should be made only *'upon complaint and hearing.'* " (Emphasis added.)

Further, R. C. 3.07 provides that only "* * * *upon complaint and hearing* * * *" shall a person holding office in this state " * * * have judgment of forfeiture of said office with all its emoluments entered thereon against him, creating thereby in said office a vacancy to be filled as prescribed by law. * * * ." (Emphasis added.)

Relators' complaints allege that they are state officers; that each received notice of dismissal via a telegram dated June 9, 1972; that no written charges were served setting forth the acts charged against them; that no reasons were given for their removal; that *no complaint* was made against them; that *no hearing* was held prior to their purported dismissal; and that respondent's endeavor to summarily dismiss them from their office is unconstitutional.

The purpose of an alternative writ of prohibition, as issued herein, is to preserve the existing status of a proceeding, to command the person against whom it is issued to show cause to the court why a permanent writ of prohibition should not be ordered, and, in effect, to shorten a respondent's answer date.

Accordingly, respondent was directed to show cause before this court on or before the 19th day of June, 1972, why he should not be permanently prohibited from declaring these vacancies in the Cuyahoga County Board of Elections.

The sole response to this direction was a "motion to dissolve alternative writ," with attached supporting exhibits. This was an incomplete and improper response to the directive of the alternative writ, and does not serve to show cause why a permanent writ should not issue. How-

ever, we have considered the motion to dissolve the alternative writ as a motion to dismiss the complaints for the writ of prohibition and have examined the substance thereof.

Upon so doing, we found no showing of cause why a permanent writ should not issue. Respondent does not deny the averment of the complaints that his action purporting to remove relators was done without prior complaint and hearing. Instead, he appears to take the position that such a complaint and hearing is not required because he did investigate the matter; that on May 8, 1972, a meeting took place in Cleveland, between relators and respondent, during which a general discussion was held pertaining to both the preparation and conduct of the May 2, 1972, primary, as well as general plans for the conduct of future elections in Cuyahoga County; and that relators "accepted full responsibility" for the conduct of the May 2, 1972, primary.

Respondent's affidavit in support of the motion to dissolve does not state that a formal complaint against the relators had been prepared or filed by him, or that he conducted a hearing on that complaint prior to his dismissal of relators.

This court concluding that a formal complaint and hearing are required prior to any removal of a member of a board of elections, the motion to dismiss is overruled and a permanent writ of prohibition is issued prohibiting respondent from removing relators without complying with such requirements.

*Writs allowed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.