THE STATE, EX REL. TEMKE, APPELLEE, *v.* OUTCALT, JUDGE,
ET AL., APPELLANTS.

[Cite as State, ex rel. Temke, v. Outcalt (1977),
49 Ohio St. 2d 189.]

(No. 76-655—Decided February 23, 1977.)

190

Messrs. *Jacobs, Kleinman, Martin & Seibel* and *Mr. Kenneth F. Seibel,* for appellee.

Mr. *Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Ms. Delores J. Hildebrandt,* for appellants.

*Per Curiam.* Ninety-four years ago, this court enunciated a well-settled rule that in a mandamus proceeding to compel an officer to perform an act which it is claimed the law enjoins upon him as a duty, all the facts necessary to put him in default must be demonstrated. *State* v. *Cappeller* (1883), 39 Ohio St. 455, 460 (quoting *Cincinnati College* v. *La Rue* [1872], 22 Ohio St. 469). The court has reaffirmed this principle over the years. *Ohio, ex rel.* v. *Moore* (1883), 39 Ohio St. 486, 487 (citing *La Rue* and *Cappeller*); *Dye* v. *State, ex rel. Davis* (1906), 73 Ohio St. 231, 241, 76 N. E. 829 (quoting *La Rue*). Relators in mandamus must plead and prove the existence of all necessary facts. *State, ex rel. Baker,* v. *Hanefeld* (1938), 134 Ohio St. 540, 541, 18 N. E. 2d 404 (citing *La Rue*). Absent the demonstration of the clear legal duty to perform as demanded mandamus will not lie. *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230, 240, 348 N. E. 2d 323.

R. C. 2731.06 provides, in relevant part:

"When the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus."

Appellee submits that under the above statutory lan-

guage, the Court of Appeals properly could determine that appellee's writ should have issued, absent any hearing whatsoever. However, it has been held relative to G. C. 12288, the statutory forerunner of R. C. 2731.06, that a peremptory writ of mandamus should issue in the first instance only when material facts are admitted disclosing that relator is entitled to relief as a matter both of law and fact. *State, ex rel. Gulf Ref. Co.,* v. *DeFrance* (1950), 89 Ohio App. 334, 338, 101 N. E. 2d 782. An alleged right to performance is unclear when the facts underpinning the claimed right are not admitted and it has not been established that no valid excuse can be given for nonperformance of the alleged duty.[1]

Appellee concedes that during the hearing below, the court indicated from the bench that it was prepared to make a ruling without a further evidentiary hearing or trial. Furthermore, appellant did not even file his answer until April 12, 1976. Thus, at the time the writ was issued, the factual contentions of appellee had not been admitted and it had not been proven that no valid excuse could be given for nonperformance of the alleged duty. A Municipal Court transcript merely filed with the Court of Appeals as part of the record does not constitute evidence before the court such as to prove hitherto undemonstrated factual allegations in an action for mandamus.[2]

In view of all the foregoing, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE and P. BROWN, JJ., concur in the judgment.

---

[1] We do not reach the question of what, if any, effect a statute may have upon the constitutionally conferred jurisdiction in mandamus reposing in a Court of Appeals.

[2] Under the state of the instant record, we do not decide whether appellant failed to comply with Crim. R. 5(B)(3), or whether an action in mandamus is an appropriate method of enforcing such compliance.