THE STATE, EX REL. HOUGH, *v.* BROWN, SECY. OF STATE.

(No. 76-1104—Decided June 29, 1977.)

330

*Messrs. Hanni, Tumbri & Schwaber* and *Mr. Don L. Hanni,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent.

*Per Curiam.* The sole issue raised by this cause is whether mandamus should issue to compel respondent "(1) to cause proceedings to be instituted to vacate the appointment of William L. Repasky as a member of the Board of Elections, Mahoning County, or (2) to remove said William L. Repasky as such member pursuant to law."

Mandamus will not lie unless there is a clear legal duty by a public officer to perform an official act (*State, ex rel. Pressley,* v. *Indus. Comm.* [1967], 11 Ohio St. 2d 141). We do not agree with relator that respondent has a clear legal duty to remove Repasky from, or vacate his appointment to, the Board of Elections of Mahoning County.

The Secretary of State is authorized to appoint and remove members of boards of elections pursuant to R. C. 3501.06, 3501.07, and 3501.16. R. C. 3501.07, which controls the appointment of Repasky, provides, in pertinent part:

"At a meeting held not more than sixty nor less than fifteen days before the expiration date of the term of office of a member of the board of elections, or within fifteen days after a vacancy occurs in the board, the county executive committee of the major political party entitled to the appointment may make and file a recommendation with the Secretary of State for the appointment of a qualified elector. The Secretary of State shall appoint such elector, unless he has reason to believe that the elector would not be a competent member of such board. In such cases the Secretary of State shall so state in writing to the chairman of such county executive committee, with the reasons therefor, and such committee may either recommend another elector or may apply for a writ of mandamus to the Supreme Court to compel the Secretary of State to appoint the elector so recommended. In such action the burden of proof to show the qualifications of the person so recommended shall be on the committee making the recommendation. If no such recommendation is made, the Secretary of State shall make the appointment."

This court has upheld the discretion of the Secretary of State, pursuant to R. C. 3501.07, to refuse to appoint to an election board an individual employed by a candidate for office. *State, ex rel. Democratic Executive Committee,* v. *Brown* (1974), 39 Ohio St. 2d 157. The court justified that decision, at page 160, on the following grounds:

"R. C. 3501.07 grants the respondent Secretary of State broad discretion in determining whether recommended appointees are competent to be members of boards of elections. The statute requires only that he submit his reasons for believing that the candidate would not be competent, in writing, to the county executive committee recommending him. The statute also specifies that in a mandamus proceeding before this court the burden of proving

the qualifications of the candidate so recommnded is upon the county executive committee.''

Those reasons do not apply in the instant cause. The Secretary of State's power to remove members of boards of elections is controlled by R. C. 3501.16. That removal statute provides, in pertinent part:

''The Secretary of State may summarily remove any member of a board of elections, or the clerk, deputy clerk, or any other employee of the board, for neglect of duty, malfeasance, misfeasance, or nonfeasance in office, for any willful violation of Title XXXV of the Revised Code, or for any other good and sufficient cause.''

R. C. 3501.16 does *not* grant the Secretary of State broad discretion in removing election board members. He is required to submit more than ''his reasons for believing'' the individual should be removed. Indeed, he cannot remove them except for certain very specific reasons and ''other good and sufficient cause.'' Given the language of the statute and the fact that an individual who is already an election board member has a greater constitutional interest in keeping that position than does an individual who has not yet been appointed (see Section 38, Article II of the Ohio Constitution; *State, ex rel. Hughes,* v. *Brown* [1972], 31 Ohio St. 2d 41; and *State, ex rel. Democratic Executive Committee, supra*), we do not find that the Secretary of State has a clear legal duty to remove Repasky from, or vavate his appointment to, the Board of Elections of Mahoning County. We therefore deny the writ of mandamus.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.