THE STATE, EX REL. ROSE HILL BURIAL PARK OF HAMILTON, OHIO,
*v.* MOSER, JUDGE.

[Cite as State, ex rel. Rose Hill Burial Park, *v.* Moser (1982),
1 Ohio St. 3d 13.]

(No. 82-103—Decided July 7, 1982.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Thomas M. Herbert* and *Mr. Roger F. Day,* for relator.

*Mr. William J. Brown,* attorney general, *Messrs. Knepper, White, Arter & Hadden* and *Mr. Richard A. Frye,* for respondent.

*Per Curiam.* The issue presented herein is whether a writ of prohibition should issue to prevent respondent from proceeding further in the appropriation action presently pending in his court.

Generally, relator contends that prohibition will lie because there is a total want of jurisdiction on the part of respondent in the cause. Specifically, relator's argument is two-pronged. First, relator argues that R.C. 1721.01 authorizes appropriation only where there are no graves in the area sought to be appropriated. Thus, according to relator, once the existence of such a grave is established, there is no statutory basis for appropriation and respondent's jurisdiction in the matter is "at an end." Second, relator maintains that it was error for respondent "to journalize an entry allowing *** [ODOT] to change the location of its proposed highway ***."

Even were we to assume, *arguendo,* the validity of relator's first argument, the critical question remains—what effect is to be given respondent's order of November 24, 1981, authorizing amendment of the appropriation complaint? If the order is valid, then there will be no graves located within the property sought to be appropriated. Therefore, according to relator's logic, if there are no graves situated within such property, respondent may properly exercise jurisdiction over the cause.

At this juncture, the question presented is not one of jurisdiction; rather, the question is whether respondent committed error in permitting amendment of the complaint. This is an issue more properly raised on appeal.

This court has consistently held that in order for prohibition to lie, three requirements must be satisfied: "*** (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law.***" *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65 [69 O.O. 2d 396], paragraph one of the syllabus; *State, ex rel. Susi,* v. *Flowers* (1975), 43 Ohio St. 2d 11 [72 O.O. 2d 6]; *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95 [72 O.O. 2d 53]. Accord *State, ex. rel. Rhodes,* v. *Solether* (1955), 162 Ohio St. 559 [55 O.O. 440].

Moreover, it is patently clear that "prohibition cannot be used as a substitute for appeal." *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52 [67 O.O. 2d 61].

Under the facts of this case, relator has an adequate remedy in the ordinary course of law by way of appeal. Accordingly, the writ of prohibition is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.