THE STATE, EX REL., CHILLICOTHE GAZETTE, INC., APPELLEE, *v.* COURT OF COMMON PLEAS OF ROSS COUNTY, ET AL.; KISER, APPELLANT.

[Cite as State, ex rel. Chillicothe Gazette, Inc., *v.* Court (1982), 2 Ohio St. 3d 24.]

(No. 82-1626—Decided December 9, 1982.)

*Messrs. Keating, Muething & Klekamp, Mr. Richard L. Creighton, Jr., Bunstine, Moore, Corzine & Bunch Co., L.P.A.,* and *Mr. William J. Corzine, III,* for appellee.

*Mr. Randall M. Dana,* public defender, and *Mr. Harry R. Reinhart,* for appellant.

*Messrs. Gingher & Christensen, Mr. Paul R. Gingher* and *Mr. Malcolm M. Miller,* urging affirmance, for *amicus curiae* Ohio Newspaper Association.

*Messrs. Baker & Hostetler, Mr. George W. Hairston, Mr. Terence P. Kemp* and *Mr. Bruce W. Sanford,* urging affirmance, for *amicus curiae* Cincinnati Post, Cleveland Plain Dealer, Columbus Citizen-Journal and Columbus Dispatch.

*Messrs. Roetzel & Andress* and *Mr. Norman S. Carr,* urging affirmance, for *amicus curiae* Akron Beacon Journal.

*Messrs. Keating, Muething & Klekamp* and *Mr. Richard L. Creighton, Jr.,* urging affirmance, for *amicus curiae* Cincinnati Enquirer, Inc.

*Per Curiam.* This court has consistently held that prohibition will lie only where (1) the court against whom it is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unlawful, and (3) the refusal of the writ would result in injury for which there is no adequate remedy at law. *State, ex rel. Rose Hill Burial Park,* v. *Moser* (1982), 1 Ohio St. 3d 13, 14.

It is clear that respondent exercised judicial power. It also appears that only an extraordinary remedy will afford appellee adequate relief inasmuch as time is of the essence where news value is concerned. Even a successful appeal on the issue raised herein would be of no value to appellee. It therefore remains to be determined whether respondent's exercise of judicial power was unlawful, *i.e.,* whether his order of November 2, 1982, was properly founded.

Appellee argues that the trial court erred in failing to adhere to the three-pronged test which originated in *Nebraska Press Assn.* v. *Stuart* (1976), 427 U.S. 539. We agree.

In *Nebraska,* the United States Supreme Court espoused the view that justification for a restraint on the press must be evidenced by: "(a) the nature and extent of pretrial news coverage; (b) whether other measures would be likely to mitigate the effects of unrestrained pretrial publicity; and (c) how effectively a restraining order would operate to prevent the threatened danger." *Id.* at 562. None of these three criteria was given adequate consideration by the trial court. None was addressed in the November 2, 1982 order or the November 19, 1982 opinion *nunc pro tunc.* The *Nebraska* test must be supported by evidence, not speculation. As this court stated in *State, ex rel. Dayton Newspapers,* v. *Phillips* (1976), 46 Ohio St. 2d 457, at 468-469 [75 O.O.2d 511], "* * * there is no reason for a trial court to * * * [conclude] that there will be prejudicial publicity * * * and to presume that such publicity will create a * * * threat to the administration of justice * * *."

Respondent's order prohibiting appellee from publishing information gathered in open court was not issued in conformity with the *Nebraska* test. The judgment of the court of appeals granting the writ of prohibition is accordingly affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., not participating.