THE STATE, EX REL. CITY OF CLEVELAND HEIGHTS ET AL., *v.* CUYAHOGA METROPOLITAN HOUSING AUTHORITY ET AL.

[Cite as State, ex rel. Cleveland Hts., *v.* Cuyahoga Metro. Hous. Auth. (1990), 50 Ohio St. 3d 47.]

(No. 89-1739—Submitted January 9, 1990—Decided March 28, 1990.)

*John H. Gibbon* and *Laure A. Wagner,* for petitioners.

*Kalam Muttalib,* for respondent CMHA.

*Craig E. Willis,* for respondent East Cleveland.

*Per Curiam.* We find that relators have demonstrated the prerequisites for issuance of a writ of mandamus[1] and we allow the writ. The issue of how the units are to be counted is *res judicata.* See *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493, 12 O.O. 3d 403, 391 N.E. 2d 326. What should be counted as a unit owned or managed by CMHA has been previously litigated in the 1986 declaratory judgment action. The ruling favored East Cleveland. East Cleveland did not appeal from that decision, presumably because the ruling was, at the time, favorable to its position. Now that the new count is not in its favor, East Cleveland refuses to accept the previous ruling and through a letter to CMHA states that the court in the 1986 ruling did not have jurisdiction.

For some reason, CMHA has re-

---

[1] The prerequisites are: relator must show a clear right to relief, a clear duty of respondent to perform the requested act, and the absence of a plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225.

fused to recognize the appointee from Cleveland Heights even though by its *own* count Cleveland Heights is the city with the second highest number of units owned or managed by CMHA. In the past, we have ordered a public board to recognize the appointment of a person to a board. *State, ex rel. DeVito,* v. *Bacci* (1979), 60 Ohio St. 2d 63, 14 O.O. 3d 237, 396 N.E. 2d 1035. Moreover, even though we held in *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 3 O.O. 3d 248, 360 N.E. 2d 701, that we would not issue a peremptory writ of mandamus unless the material facts are admitted and no valid excuse could be given for nonperformance of the alleged duty, we find no impediment to issuing a peremptory writ in this case. Unlike in *Temke,* here the right to performance is clear. R.C. 3735.27(C) directs the municipality with the second highest number of housing units to appoint a representative to the housing authority, and by implication, it also directs the authority to accept such appointee.

CMHA does not deny that Cleveland Heights is the city with the second highest number of housing units owned or managed by CMHA. CMHA and East Cleveland have offered no excuse except that East Cleveland disagrees with the way the units are counted and that CMHA does not want to swear in the Cleveland Heights appointee because East Cleveland may file a lawsuit to regain its power to appoint a representative to the CMHA board. Thus, we have no factual issue since the means by which the units are to be counted has already been finally litigated by all parties, which is clear from the fact that the 1986 judgment has never been appealed. By letter dated September 21, 1988, CMHA has determined that the count is: East Cleveland, one hundred eighty-four units, Cleveland Heights, one hundred eighty-nine.

By directing CMHA to recognize the appointee of Cleveland Heights, we require only that CMHA perform a ministerial act. *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525. There is no discretion in CMHA that would negate the existence of a clear duty. CMHA cannot avoid its duty merely because a disagreement exists.

The fact that there is a person currently serving on the CMHA board in the contested position does not make this a quo warranto action (as is argued by CMHA) in which a court is asked to remove a person from office who is illegally seated. It is clear that the appointee of East Cleveland is merely a holdover due to CMHA's refusal to make a decision without a court order. According to the holdover statute, R.C. 3.01, the person holding over retains that position only "until his successor is elected or appointed and qualified, unless otherwise provided in the constitution or laws of this state."

The availability of a declaratory judgment action does not bar the issuance of a writ of mandamus where the relator otherwise makes a proper showing. *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 9 O.O. 3d 67, 378 N.E. 2d 150.

According to R.C. 2731.06, "[w]hen the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus. * * *"

The right of Cleveland Heights to appoint Janice M. Jones to the CMHA board is clear and CMHA offers no valid excuse not to accept her appointment.

Accordingly, the motions to dismiss this complaint are overruled. We allow a peremptory writ of mandamus in the first instance directing

CMHA to immediately recognize and seat the Cleveland Heights appointee for the term commencing October 24, 1988. The present appointee of East Cleveland can no longer continue in office upon this ruling since he is a holdover officeholder, and with this court's ordered recognition of his successor's appointment, his status as a board member will automatically terminate per R.C. 3.01.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.