[THE STATE, EX REL.] BECK, *v.* CASEY, ET AL.

[Cite as State, ex rel. Beck, *v.* Casey (1990), 51 Ohio St. 3d 79.]

(No. 90-510—Submitted April 17, 1990—Decided April 30, 1990.)

*Porter, Wright, Morris & Arthur* and *Scott E. North,* for relator.

*Michael Miller,* prosecuting attorney, and *William B. Shimp,* for respondents.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* urging issuance of the writ, for *amicus curiae* Secretary of State.

*Per Curiam.* We find that the alteration of the date on the February 7 declaration of candidacy was not material and that different dates on declaration of candidacy forms do not destroy the unity of a declaration of candidacy. Accordingly, we overrule respondents' motion to dismiss and issue a peremptory writ of mandamus in the first instance requiring respondent board to place relator's name on the May 8, 1990 primary ballot as a candidate for the office of member of the Republican State Central Committee for the Twelfth Congressional District.

Respondents argue that the board's decision is final in matters concerning the sufficiency and validity of declarations of candidacy, citing R.C. 3513.05. We note that the language of R.C. 3513.05 concerning the finality of the board's decisions relates to formal protests against a candidacy. This is not a case involving a formal protest. However, in *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 175, 5 O.O. 3d 381, 382, 367 N.E. 2d 879, 880, we stated that the board's decisions on matters of sufficiency and validity of petitions are subject to review for allegations of fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions, the same standard applied in protest cases. Moreover, we have consistently stated in this type of case that public policy favors free competitive elections. *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175, 184, 43 O.O. 2d 286, 291, 237 N.E. 2d 313, 319; *State, ex rel. Saffold,* v. *Bd. of Elections* (1970), 22 Ohio St. 2d 63, 51 O.O. 2d 95, 258 N.E. 2d 112; *State, ex rel. Ashbrook,* v. *Brown* (1988), 39 Ohio St. 3d 115, 529 N.E. 2d 896. Accordingly, although we use basically the same standard of review in protest and non-protest cases, in the latter we are not constrained by the statutory language concerning the finality of the board's decision, and we examine the board's decision to invalidate a candidacy under the election law in light of the public policy favoring free competitive elections.

Respondents first argue that filing three declarations of candidacy containing two different dates violates R.C. 3513.07 and 3513.09 because these statutes contemplate a single declaration of candidacy and that, by subscribing different dates, relator filed multiple declarations. Respondents rely on *State, ex rel. Ferguson,* v. *Brown* (1962), 173 Ohio St. 317, 19 O.O. 2d 227, 181 N.E. 2d 890, overruled in part, *State, ex rel. Saffold,* v. *Bd. of Elections, supra.* *Ferguson* contains language concerning the unitary nature of a declaration of candidacy such as respondents now urge. In that case, nominating petition papers of a candidate for Treasurer of State were invalidated by the Secretary of State because on one the name and signature of a notary public were missing, and on the other the candidate had signed on a different date and the oath had been administered by a different notary public than on the other part-petitions that were accepted for filing. A divided court found these omissions material and denied a writ of mandamus.

In *Saffold,* we unanimously overruled *Ferguson* with respect to its holding that having different notaries public acknowledge the declaration invalidated the petition. In so doing, we stated that since *Ferguson,* the court had "* * * had an opportunity to reconsider the effect of technical defects in nominating petitions and declarations of candidacy, which even if noticed by the signers would in no way mislead them." 22 Ohio St. 2d at 63, 43 O.O. 2d at 95, 237 N.E. 2d at 112.

We now hold that subscribing dif-

ferent dates to *forms* of the declaration of candidacy does not destroy the essential unity of the declaration. R.C. 3513.09 supports this view, insofar as it states:

"If the petition * * * to be filed with the declaration of candidacy, consists of more than one separate petition paper, the declaration of the candidacy of the candidate need be signed by the candidate on only one of the separate petition papers, but the declaration of candidacy so signed shall be copied on each other separate petition paper before the signature[s] of electors are placed thereon."

That only one declaration of candidacy "need be" signed implies that others may be. That others may be separately signed implies the possibility that different dates may be affixed thereto. As the Secretary of State points out in his *amicus* brief:

"The board's interpretation requires a candidate to either fill out all of the necessary declarations to accompany the part-petitions on the same day or requires him to copy his original declaration to attach to all part-petitions. The copying of a declaration as provided in R.C. 3513.09 would become mandatory rather than permissive. It would preclude a candidate from completing a separate declaration on a different day if he ran out of copies or original declarations. If the declaration is actually signed on a subsequent date from the original one, the candidate would be forced to back-date the new one under the board's interpretation. This back-dating of declarations may subject the candidate to an election falsification violation."

There appears to be a difference of interpretation between the respondents and the Secretary of State. As the Secretary of State is the state's chief election officer, we believe his interpretation is entitled to more weight. R.C. 1.49(F).

Therefore, in construing R.C. 3513.09 we do not find clear evidence that the unitary nature of the declaration of candidacy requires all declaration forms to bear the same subscribed date. Nor do we find such evidence in R.C. 3513.07, the other statute cited by respondents. It merely prescribes the form for declarations of candidacy and petitions and requires substantial compliance with such forms. Accordingly, we do not find respondents' argument on this issue supported by the relevant statutes.

Respondents next argue that relator's alteration of the date on the February 7, 1990 declaration of candidacy invalidated the declaration and the petition filed with it. This argument is not based on any statutory or case law reference, but on the board's determination that the alteration generally presents the possibility of deception.

Relator testified before respondents that he obliterated the date "6" and wrote "7" on the declaration prior to obtaining signatures on the attached petition. He states this fact in his complaint, which respondents admit for purposes of this motion to dismiss. No other evidence was submitted on the issue.

In *State, ex rel. Pucel,* v. *Green* (1956), 165 Ohio St. 175, 59 O.O. 237, 134 N.E. 2d 154, the Board of Elections of Cuyahoga County had rejected a nominating petition because it was alleged that the signatures of a husband and wife had been written in the same hand. At a hearing before the board, the husband and wife had testified that each had signed the petition individually. The candidate whose petition was invalidated sought a writ of mandamus, and the court of appeals issued the writ ordering that relator's name be placed on the ballot. We affirmed, citing the following language of the court of appeals:

" 'In dealing with this question the election board was acting in a quasi-judicial capacity. Its function was to determine the validity of the petitions offered by the relator with impartiality and fairness both to the candidate and to the electors of the county. The board, in coming to its conclusion, must have completely disregarded the sworn testimony of witnesses, such testimony being uncontroverted in the record except for a comparison of handwriting (where neither of those whose signatures are challenged was requested to sign the name of the other for comparison with a genuine signature), and without expert help or at least without putting into the record the characteristics of the writing which influenced the conclusions reached. We find that there is no competent evidence in the record contradicting the sworn testimony that Mary Antoni, by her own hand, signed her name to the nominating petition. The board, therefore, committed an abuse of discretion in excluding exhibit No. A-2 [the petition] and holding that the signature thereon could not be counted in considering the sufficiency of relator's nominating petition.' " *Id.* at 176-177, 59 O.O. at 238, 134 N.E. 2d at 156.

Similarly, in the instant case, respondents have ignored the only evidence in the case and based their decision on a perception that all alterations contain an inherent potential for deception. We note that R.C. 3501.38(I) prohibits alterations to a petition after it is publicly filed. This implies some alterations may be permitted before filing. Moreover, as is more fully explained below, we accept relator's statement in the complaint that the alteration of the date on the February 7 declaration preceded the gathering of signatures on the petition attached thereto. Accordingly, we reject respondents' arguments on this issue too, although in so doing we do not declare that all alterations of declarations of candidacy or petitions are hereby approved.

In conclusion, respondents argue that relator's declaration was properly invalidated because he has not fully complied with the statutory requirements for filing. However, as has been stated above, respondents have not shown with any convincing clarity what statutes relator has not fully complied with. Rather, they have based their action on their interpretation of several statutes that they say proves that declaration of candidacy forms containing more than one date violate the unitary nature of the declaration of candidacy, and on a general perception that all alterations invalidate a declaration because they present the possibility of deception. Since we have rejected these arguments, we overrule the motion to dismiss.

In *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 3 O.O. 3d 248, 360 N.E. 2d 701, we held that the overruling of a motion to dismiss would not permit the issuance of a peremptory writ in the first instance when the facts establishing relator's clear right to relief and respondent's clear duty to grant the relief had not been admitted and it had not been fully established that no valid excuse for nonperformance of the alleged duty could be given. We distinguish *Temke* in two respects. First, the basic facts are not in dispute, only respondents' action under those facts. Second, this is an election case where time is of the essence. Section 11, Rule VIII of the Supreme Court Rules of Practice provides that when an election action is filed within ninety days of the election " * * * answer day shall be within five days after the service of summons

* * *" with briefing to follow at specified intervals. The rule also provides that "[o]nly in exceptional cases will time be extended, even though opposing counsel has consented thereto."

In the instant case, respondents chose to file a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim on which relief could be granted on answer day, even though the same defense could have been made by answer along with other defenses and admissions and denials of the facts presented in relator's complaint. Moreover, respondents do not dispute the basic facts in their memorandum in support of that motion to dismiss. Thus, applying *Temke* strictly to election matters would permit respondents, by filing a motion to dismiss, to extend the time for an answer and shorten the time available for the court to give the case full consideration. We hold that a respondent who takes this procedural step does so at the risk of having the court accept the facts as stated in the complaint, particularly when no reason emerges from the argument to doubt the facts.

Accordingly, we accept the facts as stated by relator in the complaint and find that the basis of respondents' decision to reject relator's declaration of candidacy and petitions is not sustained by statutory or case law and is at odds with the public policy favoring free competitive elections, and is therefore an abuse of discretion. The correlative proposition to this holding is that relator has established a clear right to relief and a clear duty of respondents to grant such relief. Relator has also alleged that there is no adequate remedy at law, which respondents have not disputed, and, given the exigency of an election case, seems beyond dispute. Therefore, the requirements for issuance of a writ of mandamus have been met, *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, and we allow a peremptory writ of mandamus in the first instance requiring respondent board to place relator's name on the May 8, 1990 primary ballot as a candidate for the office of member of the Republican State Central Committee for the Twelfth Congressional District.

*Writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.