THE STATE, EX REL. BEACON JOURNAL PUBLISHING COMPANY, APPELLEE, *v.* RADEL, CLERK OF MASSILLON MUNICIPAL COURT, ET AL., APPELLANTS.

[Cite as State, ex rel. Beacon Journal Publishing Co., *v.* Radel (1991), 57 Ohio St. 3d 102.]

(No. 90-1018—Submitted October 23, 1990—Decided January 30, 1991.)

*Roetzel & Andress, Ronald S. Kopp* and *Amie L. Bruggeman,* for appellee.

*Timothy G. Andrews,* for appellant Edward Radel, Jr.

*Amerman, Burt & Jones Co., L.P.A.,* and *V. Lee Sinclair, Jr.,* for appellant Judge Richard T. Kettler.

*Per Curiam.* This case presents serious factual and legal issues, but the court of appeals did not address them; instead, it summarily granted a peremptory writ of mandamus, giving appellants no chance to challenge Beacon Journal's assertions. We conclude that

the court of appeals improperly issued the writ.

A court may grant a peremptory writ only in limited circumstances. R.C. 2731.06 provides: "When the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus. * * *"

We have held "that a peremptory writ of mandamus should issue in the first instance only when material facts are admitted disclosing that relator is entitled to relief as a matter both of law and fact. * * * An alleged right to performance is unclear when the facts underpinning the claimed right are not admitted and it has not been established that no valid excuse can be given for nonperformance of the alleged duty." *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 191, 3 O.O. 3d 248, 249, 360 N.E. 2d 701, 702. Thus, a court generally may not grant the writ "before an answer admitting or denying the material facts ha[s] been filed." *State, ex rel. Mazzaro,* v. *Ferguson* (1990), 49 Ohio St. 3d 37, 40, 550 N.E. 2d 464, 468. No answer has been filed here, and no facts have been admitted.

Beacon Journal argues that we have not always strictly adhered to *Temke.* See *State, ex rel. Hughes,* v. *Brown* (1972), 31 Ohio St. 2d 41, 60 O.O. 2d 23, 285 N.E. 2d 376; *State, ex rel. Cleveland Hts.,* v. *Cuyahoga Metro. Hous. Auth.* (1990), 50 Ohio St. 3d 47, 553 N.E. 2d 249; *State, ex rel. Beck,* v. *Casey* (1990), 51 Ohio St. 3d 79, 83, 554 N.E. 2d 1284, 1287-1288; *State, ex rel. Natl. Broadcasting Co.,* v. *Lake Cty. Court of Common Pleas* (1990), 52 Ohio St. 3d 104, 115, 556 N.E. 2d 1120, 1131 ("*Lake Cty.*"). However, the circumstances justifying peremptory relief in those cases do not exist here.

In *Cleveland Hts.,* for instance, "no factual issue" existed, because the relator's right to performance turned on a factual issue that "ha[d] already been finally litigated by all parties * * *." *Id.* at 49, 553 N.E. 2d at 251. Unlike *Cleveland Hts.,* this case presents unlitigated factual issues. Beacon Journal claims that court records, even though sealed, remain public if the judge who seals them fails to follow the statutory procedures; if that is correct, the court of appeals can determine which records are public only by determining which records, if any, Judge Musser improperly sealed.

The court of appeals tried to avoid making this determination by peremptorily ordering Judge Kettler to inspect the records *in camera* and determine which records were improperly sealed. However, that task is clearly for the court of appeals, not Judge Kettler. "When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. * * *" *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, paragraph four of the syllabus. The Massillon Municipal Court cannot conduct this scrutiny, for that court is also the "governmental body assert[ing] that public records are excepted from disclosure * * *." In this context, "the court" obviously means the court in which "such assertion is challenged * * *." In this case, it means the court of appeals.

Thus, it was for the court of appeals, not Judge Kettler, to decide whether Beacon Journal had a right to examine the sealed records. The resolution of this issue turns initially on a question of fact: whether Judge Musser obeyed the statutory procedures for sealing court records. This question, unlike the crucial fact question in *Cleveland Hts.,* has yet to be litigated.

Moreover, this case presents at

least one serious legal issue: whether due process requires that any defendants whose previously sealed records may be made public as a result of this litigation have a right to notice and an opportunity to participate in the proceedings. The court of appeals did not consider that issue, because that court gave appellants no chance to raise it or any other issue of law. Until the court of appeals resolves the contested legal issues, it cannot say that Beacon Journal's "right to require the performance of an act is *clear* * * *." (Emphasis added.) R.C. 2731.06.

This case is also distinguishable from *Hughes, Beck,* and *Lake Cty., supra. Beck* was an election case, in which "time is of the essence." *Beck, supra,* at 82, 554 N.E. 2d at 1287. Despite this, the respondents in *Beck* chose to file a motion to dismiss instead of an answer. We observed that "applying *Temke* strictly to election matters would permit respondents, by filing a motion to dismiss, to extend the time for an answer and shorten the time available for the court to give the case full consideration." *Beck, supra,* at 83, 554 N.E. 2d at 1288. We therefore held that the respondent in an election case files a motion to dismiss instead of an answer "at the risk of having the court accept the facts as stated in the complaint, particularly when no reason emerges from the argument to doubt the facts." *Id.*

Similarly, when we granted peremptory relief in *Lake Cty., supra,* we had already issued an alternative writ of prohibition. The alternative writ shortened the respondent's answer date and thereby placed him on notice that " 'time is of the essence * * *.' " *Id.* at 115, 556 N.E. 2d at 1131, quoting *State, ex rel. Chillicothe Gazette, Inc.,* v. *Court of Common Pleas* (1982), 2 Ohio St. 3d 24, 25, 2 OBR 570, 571, 442 N.E. 2d 747, 748.

See, also, *Hughes, supra,* at 43, 60 O.O. 2d at 24, 285 N.E. 2d at 377. As in *Beck,* the respondents in *Lake Cty.* moved to dismiss instead of answering. Citing *Hughes* and *Beck,* we held that where the respondent files only a motion to dismiss in response to an alternative writ, peremptory relief is proper.

This is not an election case, nor did the court of appeals grant an alternative writ. Moreover, appellants filed no motion to dismiss; indeed, they had no chance to file anything, since the court of appeals granted the peremptory writ six days after the complaint was filed. Cf. Civ. R. 12(A)(1) (defendant in civil action has twenty-eight days after service of complaint to file answer). Thus, it cannot be said that appellants indulged in dilatory behavior and thus assumed the risk that the court of appeals would accept the facts as stated in the complaint.

The court of appeals granted relief here on no more than Beacon Journal's naked assertions. The court gave repondents no chance to deny the truth of those assertions, nor even so much as a chance to contest the legal theories on which the cause of action rests. No evidence lay before the court that the assertions were true. Indeed, the court did not purport to decide whether they were true or false; instead, it thrust that task upon Judge Kettler, a party to this action, and would not hear his objections.

The judgment is therefore reversed and the case is remanded to the court of appeals. We leave the remaining issues argued in the briefs for the court of appeals to consider on remand.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment only.

DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. Appellee, Akron Beacon Journal, prior to filing a complaint in mandamus in the Fifth District Court of Appeals, attempted to have Judge Kettler conduct an *in camera* inspection of the records of former Judge Musser, since it had been brought to the appellee's attention during the campaign of Judges Musser and Kettler that records of Judge Musser may not have been sealed in accordance with R.C. Chapter 2953. However, Judge Kettler failed to conduct an *in camera* inspection and instead filed a certificate of disqualification in the Stark County Common Pleas Court. Appellee, being unable to obtain the relief it sought in the trial court, sought a writ of mandamus in the court of appeals. The court of appeals granted a peremptory writ ordering Judge Kettler to conduct an *in camera* inspection of the records of former Judge Musser and, if any records were found to have been improperly sealed, to disclose them to appellee.

The majority, in reversing the judgment of the appellate court, relies on *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, paragraph four of the syllabus, wherein it is stated, "[w]hen a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question.* * *" In this instance no actual challenge is being made by anyone at this point regarding the question of disclosure. Instead, the only real issue in this case is which court is to make the *in camera* inspection of Judge Musser's cases. A majority of this court would have the court of appeals make such inspection, contending that before a writ can be issued a hearing and *in camera* inspection must be conducted. However, under the circumstances of this case the inspection properly falls within the jurisdiction of the Massillon Municipal Court, where all of the records in question are found.

The keepers of these records are the judges of the Massillon Municipal Court and the clerk of that court; all are parties to this action.[1] The appellee's requests for access were directed to the Clerk of Court and Judge Kettler. It was the duty of a judge of the Massillon Municipal Court to hold a hearing to determine the very issues which this court is requiring the court of appeals to determine. A majority of this court has placed an impossible task upon the court of appeals.

In the complaint for the writ of mandamus, it is alleged that former Judge Musser did not comply with R.C. Chapter 2953. R.C. 2953.52(B)(1) provides in pertinent part that "* * * the court shall set a date for a hearing and shall notify the prosecutor * * *." The statute then proceeds to set forth the procedure for the court to follow in determining whether to grant the application to seal the records. The af-

---

[1] Although Judge Eugene M. Fellmeth, the only other judge of the Massillon Municipal Court, was not named as a party in the court of appeals, appellee Beacon Journal has filed a motion in this court to join Judge Fellmeth as a party, as well as an amended complaint naming him as a respondent. While this court has not ruled on this motion, Judge Fellmeth joined Judge Kettler in filing an answer to this amended complaint, so it can fairly be said that he has submitted himself to the jurisdiction of this court.

fidavit of Jolene Limbacher, a reporter employed by appellee, states that the Massillon Law Director, John D. Ferrero, Jr., was not notified when the records of a Meghan Howes were sealed. Additionally, in that same affidavit it is alleged that Ferrero told Limbacher that he was aware of one other illegal expungement. Under the facts found in the complaint in mandamus and affidavit, the appellate court was correct to issue a peremptory writ. These issues should be resolved in the trial court.

Additionally, the majority raises the question of whether due process requires notifying the persons whose records were previously sealed. Again, the Massillon Municipal Court is in a much better position to properly address these concerns.

Thus, this case falls squarely within the holding of *State, ex rel. Cleveland Hts.,* v. *Cuyahoga Metro. Hous. Auth.* (1990), 50 Ohio St. 3d 47, 553 N.E. 2d 249, wherein we distinguished the holding of *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 3 O.O. 3d 248, 360 N.E. 2d 701. As in *Cleveland Hts.,* the case before us involves a situation where the right to performance is clear. An *in camera* inspection must be conducted to determine which records of former Judge Musser have been improperly sealed. This is an act which the municipal court is under a clear legal duty to perform.

The majority states that the court of appeals granted relief on the naked assertions of the Beacon Journal. However, the Beacon Journal had attempted to get the trial court to act on this matter to no avail. It was the duty of the trial court when it was called to its attention that some of its records were improperly sealed to hold a hearing to determine the truth or falsity of such allegations. The judges of the municipal court did nothing when these allegations were made, thus causing the Beacon Journal to resort to the appellate court for relief. The appellate court has granted a peremptory writ only to get the trial court to do what it should have done in the first instance. It is the function of the trial court to conduct a hearing and ascertain the truth of the allegations presented to it.

I would affirm the decision of the Fifth District Court of Appeals, which issued a peremptory writ on May 14, 1990, ordering Judge Richard T. Kettler, the Presiding Judge of the Massillon Municipal Court, to review *in camera* criminal records sealed by former Judge Virgil Musser and to release any records found to have been improperly sealed.

DOUGLAS, J., concurs in the foregoing dissenting opinion.