**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals,* Slip Opinion No. 2017-Ohio-7816.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7816

THE STATE EX REL. RAMIREZ-ORTIZ *v.* TWELFTH DISTRICT COURT OF APPEALS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals,* Slip Opinion No. 2017-Ohio-7816.]**

*Prohibition—Respondent appellate court patently and unambiguously lacks jurisdiction to review trial court's credibility determinations—Writ granted.*

(No. 2016-1730—Submitted June 6, 2017—Decided September 27, 2017.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} In this original action, relator, Efranin Ramirez-Ortiz, seeks a writ of prohibition to bar respondent Twelfth District Court of Appeals from hearing the state's appeal of his Crim.R. 29(A) acquittal. The appellate court has filed a motion to dismiss, and Ramirez-Ortiz has asked for leave to amend his complaint. We

hereby grant the motion for leave to amend, deny the motion to dismiss, and grant a peremptory writ of prohibition.

## Background

{¶ 2} In his complaint, Ramirez-Ortiz makes the following factual allegations, which do not appear to be in dispute.

{¶ 3} Ramirez-Ortiz was indicted in Butler County on two counts of aggravated burglary and two counts of felonious assault. The case was tried to a jury.

{¶ 4} After the state presented its evidence, Ramirez-Ortiz moved for a judgment of acquittal under Crim.R. 29(A). The trial court granted the motion as to all counts. In announcing the ruling, the court commented that the state's witnesses lacked credibility. Reminded by the prosecutor that Crim.R. 29(A) required the court to construe the evidence in the state's favor, the court indicated that it had done so. The court then ordered the entry of a judgment of acquittal under Crim.R. 29(A) on the grounds that the evidence was insufficient to sustain a conviction as a matter of law.

{¶ 5} The state filed a notice of appeal in the Twelfth District Court of Appeals, along with a motion for leave to appeal. Ramirez-Ortiz opposed the motion for leave and filed a motion to dismiss the appeal for lack of jurisdiction. The appellate court granted the motion for leave to appeal without explicitly mentioning the motion to dismiss.

{¶ 6} Ramirez-Ortiz then commenced this action for a writ of prohibition to prevent the court of appeals from hearing the state's appeal. The appellate court filed a motion to dismiss, which Ramirez-Ortiz has opposed.

## Analysis

{¶ 7} For the requested writ of prohibition to issue, Ramirez-Ortiz must show that the Twelfth District is about to exercise judicial power, that it lacks authority to exercise that power, and that denying the writ would result in injury for

which no adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the Twelfth District patently and unambiguously lacks jurisdiction, then Ramirez-Ortiz need not establish the third prong, the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

*First argument in the motion to dismiss*

{¶ 8} The Twelfth District argues that it is not sui juris[1] and therefore cannot be sued. But Ramirez-Ortiz has filed an unopposed motion for leave to amend his complaint to name all five judges of the Twelfth District, as well as the magistrate, as respondents. We grant the motion, thereby mooting the first argument asserted in the Twelfth District's motion to dismiss.

*Second argument in the motion to dismiss*

{¶ 9} The state is not permitted to appeal a final verdict in a criminal case, R.C. 2945.67(A), including a judgment of acquittal under Crim.R. 29. *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 12. However, the state *is* permitted to seek leave to appeal " 'any other decision,' " such as evidentiary rulings. *State v. Keeton*, 18 Ohio St.3d 379, 381, 481 N.E.2d 629 (1985), quoting R.C. 2945.67(A). In *State v. Bistricky*, for example, the trial court made preliminary rulings regarding the scope of an immunity statute and the burden of proof relating thereto and then granted the defendants' motion for a judgment of acquittal based on the statutory immunity. 51 Ohio St.3d 157, 555 N.E.2d 644 (1990). This court held that the state could pursue a discretionary appeal of "substantive law rulings * * * which result in a judgment of acquittal so long as the judgment itself is not appealed." *Id.* at syllabus.

---

[1] "Sui juris" means "[o]f his own right; possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship." *Black's Law Dictionary* 1434 (6th Ed.1990).

{¶ 10} In its second argument for dismissal, the court of appeals contends that it does not patently and unambiguously lack jurisdiction because, as in *Keeton* and *Bistricky*, the state is not appealing the trial court's judgment per se but, rather, "the trial court's substantive legal ruling that led to the judgment of acquittal." According to the Twelfth District, the trial court went beyond considering the sufficiency of the evidence when it acquitted Ramirez-Ortiz and instead made an independent legal ruling based on its assessment of the credibility of the witnesses, as evinced by the trial court's comments that the testimony of the prosecution witnesses was "not believable."

{¶ 11} The appellate court's argument misconstrues the reasoning of decisions like *Bistricky*. As we explained in *State v. Ross*, the state can appeal a discrete legal issue when the question is capable of repetition yet evading review (by virtue of the acquittal). 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, ¶ 33. However, to the extent that the appeal " 'subject[ed] the defendant to postacquittal factfinding,' " such an appeal would have " 'no proper purpose.' " *Id*. at ¶ 32, quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). So in *Ross*, the state was permitted to appeal the trial court's legal ruling that it had jurisdiction to grant an untimely Crim.R. 29(C) motion for a judgment of acquittal by treating it as a motion for reconsideration, but the court of appeals could not disturb the acquittal itself. *Id*. at ¶ 32-34, 51.

{¶ 12} According to the Twelfth District, the state seeks "to appeal the trial court's underlying assessment of state witnesses (and the standard of review it applied)." But the correctness of the trial court's credibility assessments does not present an independent legal issue; asking the appellate court to review the trial court's credibility determinations is exactly the same thing as asking the appellate court to review and reverse the judgment of acquittal.

{¶ 13} Alternatively, the Twelfth District asserts that it must review the standard that the trial court used in granting the Crim.R. 29(A) motion. But there

is no dispute over what standard was applicable. In its judgment entry, the trial court correctly framed its decision granting the Crim.R. 29(A) motion as based on its determination that "the evidence is insufficient to sustain a conviction as a matter of law." What *is* in dispute is whether the trial court actually applied that standard or merely paid lip service to it, but that question is not a legal issue capable of repetition, because it is tied to the specific facts of this case.

{¶ 14} Because the Twelfth District has failed to show that it has jurisdiction to hear the state's appeal, we deny the motion to dismiss.

### The question of remedy

{¶ 15} In an original action before this court, once the respondent's time to answer or move for dismissal has elapsed, our rules provide for four possible judgments: the court may (1) dismiss the complaint, (2) issue an alternative writ, thereby requiring the parties to submit evidence and additional briefing, (3) issue a peremptory writ of mandamus or prohibition, or (4) deny the writ outright. S.Ct.Prac.R. 12.04(C). Summary disposition is generally not proper in a *mandamus* action, when the underlying facts establishing the legal duty and/or the right to relief are in dispute or have not been admitted. *State ex rel. Temke v. Outcalt*, 49 Ohio St.2d 189, 191, 360 N.E.2d 701 (1977).

{¶ 16} However, this prohibition case presents a pure question of law. Our decision does not depend on the resolution of factual disputes, and therefore additional briefing by the parties is unnecessary.

{¶ 17} For this reason, pursuant to S.Ct.Prac.R. 12.04(C), we hereby grant a peremptory writ of prohibition barring the Twelfth District Court of Appeals from hearing the state's appeal in *State v. Ramirez-Ortiz*, No. CA2016-09-0179.

Motion to dismiss denied,

motion for leave granted,

and writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents.

_____

Repper, Pagan, Cook, Ltd., and Christopher J. Pagan, for relator.

Michael DeWine, Attorney General, and Sarah E. Pierce and Zachery P. Keller, Assistant Attorneys General, for respondents.

_____