[Cite as *State v. Ralph*, 2022-Ohio-167.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-A-0044** |
| Plaintiff-Appellant, | |
| - v - | Criminal Appeal from the County Court, Western District |
| JOHN A. RALPH, | |
| Defendant-Appellee. | Trial Court No. 2020 CRB 00444 |

## M E M O R A N D U M
## O P I N I O N

Decided: January 24, 2022
Judgment: Appeal dismissed

---

*Colleen Mary O'Toole,* Ashtabula County Prosecutor, *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Thomas J. Simon,* 1105 Bridge Street, P.O. Box 3048, Ashtabula, OH 44053 (For Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}   On December 17, 2021, appellant, the state of Ohio, filed a notice of appeal and motion for leave to appeal from a November 18, 2021 entry of the Ashtabula County Court, Western Division, which granted appellee, John A. Ralph's, Crim.R. 29(A) motion for acquittal at the conclusion of trial.

{¶2}   No response opposing the motion for leave has been filed.

{¶3}   R.C. 2945.67 governs when a prosecutor may appeal:

{¶4} "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property, or grants post conviction relief * * *, and may appeal by leave of court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *. "

{¶5} In the present appeal, the first question that arises is whether the state may appeal the November 18, 2021 judgment as a matter of right or whether leave must first be obtained under the statute. The Supreme Court of Ohio has held that a judgment of acquittal is not appealable by the state as a matter of right or by leave of court. *State v. Keeton*, 18 Ohio St.3d 379 (1985); *State ex rel. Yates v. Court of Appeals for Montgomery County*, 32 Ohio St.3d 30 (1987). See also, *State v. Mayfield*, 8th Dist. No. 81924, 2003-Ohio-2312.

{¶6} Further, in *State ex rel. Ramirez-Ortiz v. Twelfth District Court of Appeals*, 151 Ohio St.3d 46, 2017-Ohio-7816, the Supreme Court of Ohio held that the state is permitted to appeal "a discrete legal issue when the question is capable of repetition" but not misapplication of the law because that is tied to the specific facts of the case and would serve no proper purpose. Nothing in the court's entry before us, nor in the state's motion, shows that the trial court misstated the law. The issue is one of misapplication and is therefore not appealable.

{¶7} Since this appeal is predicated upon the final verdict of acquittal in favor of appellee, which is not appealable by the state, this court is without jurisdiction. Therefore,

2

Case No. 2021-A-0044

appellant's motion for leave to appeal is overruled, and the appeal is hereby sua sponte dismissed.

{¶8}    Appeal dismissed


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

3